UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DWAYNE O. MACON,

      Plaintiff,

    v.

CORRECTIONAL MEDICAL CARE, INC.,
et al.,

      Defendants.
_____

DECISION & ORDER

12-CV-6150G

    On March 23, 2012, plaintiff Dwayne O. Macon ("Macon") filed this lawsuit against various defendants pursuant to 42 U.S.C. § 1983 alleging civil rights violations arising from his incarceration in the Monroe County Jail.  (Docket ## 1, 20).  Currently pending before this Court is Macon's motion to substitute a party.  (Docket # 59).

## PROCEDURAL BACKGROUND

    Macon seeks an order substituting the Estate of Paul Wheatley (the "Estate") as a defendant in place of Sergeant Wheatley ("Wheatley"), a defendant whose death was suggested upon the record on September 29, 2014.  (Docket ## 55, 59-1 at ¶¶ 4-6).  In support of his motion, Macon's attorney represented that "[d]ue notice of this motion has been given, in the manner provided for in Rule 5 of the Federal Rules of Civil Procedure, on all parties that have appeared in the action to date."  (Docket # 59-1 at ¶ 8).

    Several defendants, including Major Edward Krenzer, Wheatley, Captain Thomas, Lieutenant Kaiser, Corporal Fichter, Sergeant Sarkis, Deputy Mulligan, Corporal

Speck, Deputy McCarthy (the "Deputy defendants"), opposed the motion on the grounds that it was untimely and had not been properly served upon the representative for the Estate. (Docket # 63). The Estate did not appear in the action or oppose the motion.

In reply, Macon requested that the Court grant an enlargement of his time to substitute a party pursuant to Rule 6 of the Federal Rules of Civil Procedure. (Docket # 64 at ¶¶ 3-4). Macon's attorney represented that the executor of the Estate, Jennifer Wheatley, had been served with the motion for substitution, but a certificate of service had not been provided. (*Id.* at ¶ 5). According to Macon's attorney, he served the papers upon Kenneth Kraus, Esq. ("Krause"), an attorney at Evans & Fox, LLP, on March 18, 2015. (Docket # 65 at 7). Macon's attorney stated that he had failed previously to serve the Estate because he wrongly assumed that the attorney for the Deputy defendants also represented the Estate. (*Id.*).

On April 9, 2015, oral argument on the motion was held. (Docket # 73). The attorneys for Macon and the Deputy defendants appeared. (*Id.*). No one appeared on behalf of the Estate. (*Id.*). On April 13, 2015, the Court held a telephone conference with the parties to the action to discuss the motion to substitute. During that conference, the parties were directed to contact the firm of Evans & Fox, the purported attorneys for the Estate, to request that it advise this Court in writing whether it was authorized to accept service of the motion on behalf of the Estate and whether the Estate had a position on the motion.

By letter dated April 23, 2015, Kraus informed the Court that Evans & Fox represents Jennifer M. Wheatley, the executor of the Estate. He also stated that the law firm was not authorized to accept service of papers relating to this action. He further stated that his position on the pending motion for substitution was that it should not be granted. According to Kraus, he was first contacted by Macon's counsel Michael Cobbs, Esq. ("Cobbs") on January 9,

2015. Kraus provided Cobbs a copy of the Certificate of Appointment of Executor and requested that Cobbs provide him a summary of this lawsuit. According to Kraus, Cobbs never provided the summary. Kraus also stated that on March 19, 2015, he received an electronic communication from Cobbs, which attached a notice of motion, certificate of service and an attorney affirmation for the motion to substitute, each dated January 23, 2015. A few days later, on March 23, 2015, he received a written communication from Cobbs enclosing the same documents. On April 6, 2015, Kraus received a memorandum of law and attorney affirmation from Cobbs.

By letter dated April 23, 2015, Cobbs asserted, without citation to any legal authority, that because Kraus is the attorney of record for the Estate, "he is authorized and must accept service of motion papers on behalf of the [E]state and the executor under New York law." Further, Cobbs asserted that Kraus has neither voiced any objection to service nor advised Cobbs that he was not authorized to accept service.

The Court requested that Cobbs provide legal authority to support his assertion that, by virtue of Kraus's status as attorney for the Estate, Kraus was authorized and required to accept service on behalf of the Estate. By letter dated May 5, 2015, Cobbs asserted that Section 2103 of the New York Civil Practice Law and Rules authorizes the service of papers upon an attorney of a party in a pending action. Accordingly, Cobbs maintained, his service upon Kraus was effective service upon the Estate. Cobbs also requested that in the event the Court determines that service upon the Estate was defective, the pending motion be adjourned to allow Macon sufficient time to personally serve the executor of the Estate.

**DISCUSSION**

Pursuant to Rule 25 of the Federal Rules of Civil Procedure, "a motion to substitute . . . must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R. Civ. P. 25(a)(3). While Rule 5 authorizes various methods of service, including service upon the party's attorney, Rule 4 of the Federal Rules of Civil Procedure requires personal service through either delivery directly to the nonparty or its authorized agent, delivery to someone of suitable age at the nonparty's dwelling or by serving the nonparty in accordance with the relevant state law for serving a summons. *See* Fed. R. Civ. P. 4(e); 5(b).

New York law authorizes various ways to effect service of a summons, including (1) personal delivery; (2) delivery to a person of suitable age at an individual's dwelling or place of business; (3) delivery to a designated agent; (4) affixing the summons to the door of the dwelling or business place of the individual and mailing the summons to the individual's last known residence; (5) other means as ordered by the Court; or (6) mail with a returned acknowledgement of receipt. N.Y. C.P.L.R. §§ 308, 312-a. Although Section 2103 of the New York Civil Practice Law and Rules permits service upon a party's attorney, that provision does not authorize service of a summons in such manner. *Lord Day & Lord, Barrett, Smith v. Broadwall Mgmt., Inc.*, 187 Misc.2d 518, 519 (N.Y. Sup. Ct. 2001) ("[a] summons cannot be served pursuant to CPLR 2103(b), which only allows service of papers on an attorney in an action that is already pending"), *aff'd*, 301 A.D.2d 362 (N.Y. App. Div. 2003). Thus, Macon's reliance on Section 2103 of the New York Civil Practice Law and Rules is misplaced.

Jennifer Wheatley, the Estate representative, is not a party to this action; thus, personal service of the motion for substitution upon Jennifer Wheatley was required. *See Gothberg v. Town of Plainville*, 305 F.R.D. 28, 31 (D. Conn. 2015) ("service of . . . the motion to

substitute on the non-party sought to be substituted in a manner provided by Rule 4 is required in order to establish the court's personal jurisdiction over the non-party"); *Crichlow v. Fischer*, 2015 WL 678725, *5 (S.D.N.Y. 2015) ("[s]ervice of a motion to substitute on the government's attorney after the death of a correctional officer is not effective service on the estate of an officer, as a nonparty, in a civil rights action; personal service on the estate representative is required"). Macon urges the Court to conclude that mail service upon the attorney for the Estate representative was sufficient. I disagree.

As a general matter, "service of process on an attorney not authorized to accept service for his client is ineffective." *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990). Additionally, "simply serving in the capacity of attorney, or representing the client previously, does not render the attorney an agent for service of process." *Jing v. Angel Tips, Inc.*, 2013 WL 950585, *3 n.1 (E.D.N.Y. 2013). In this case, Kraus represented to the Court that he is not authorized to accept service on behalf of the Estate representative, and nothing in the record suggests that he ever made an affirmative representation to Cobbs that he was so authorized. Macon appears to suggest that Kraus's conduct, when coupled with his failure to inform Cobbs that he was not authorized to accept service, was sufficient to imply that Kraus was authorized to act as an agent for service of process upon the Estate representative. However, "in New York, courts are reluctant to lightly imply such an agency." *Id.* (quotation omitted). Further, "an attorney's claim that he is authorized to receive process is not by itself sufficient; there must be some evidence that the client intended to grant such authority." *Id.*

The record contains no indication that Jennifer Wheatley either expressly or impliedly authorized Kraus to accept service of process. Further, consistent with their position that proper service was not effected, neither Kraus nor Jennifer Wheatley has appeared in this

5

action or filed an opposition to the motion to substitute. *See Shuster v. Nassau Cty.*, 1999 WL 9847, *3 (S.D.N.Y. 1999) ("the [defendants] never acted in any way to indicate that the attorney was authorized to accept service of process[;] [t]he [defendants] never answered the [c]omplaint or filed a responsive pleading, and specifically asserted in correspondence that there had been no service of process"). Accordingly, I cannot find that Kraus was authorized to accept service of the motion for substitution and thus conclude that the motion has not been properly served upon the Estate representative. *See Santos v. State Farm Fire & Cas. Co.*, 902 F.2d at 1094 ("[because] service of process on an attorney not authorized to accept service for his client is ineffective . . .[,] delivery was not sufficient to effect service"); *Jing v. Angel Tips, Inc.*, 2013 WL 950585 at *3 n.1 ("plaintiffs have not submitted any evidence demonstrating that defendant had appointed [attorney] as her agent for the receipt of process); *Dorrough v. Harbor Sec., LLC*, 2002 WL 1467745, *4 n.6 (E.D.N.Y. 2002) (service on attorney ineffective where there was no evidence that the attorney had been authorized to accept service and where conduct of attorney was insufficient to imply authorization; "[a]n agent's authority to act cannot be established solely from the agent's actions; the authority must be established by an act of the principal") (internal quotations omitted); *Shuster v. Nassau Cty.*, 1999 WL 9847 at *3 ("[t]he plaintiff has neither alleged nor provided proof that the [defendants] intended to be bound by the acceptance of the complaint by their attorney"); *Olympus Corp. v. Dealer Sales & Serv., Inc.*, 107 F.R.D. 300, 306 (E.D.N.Y. 1985) ("there is no persuasive evidence of the defendant's intent to appoint its attorneys as agents for the service of process[;] . . . [n]or can agency be implied from the mere fact that the attorneys represent defendant in a related action"); *Broman v. Stern*, 172 A.D.2d 475, 476 (N.Y. App. Div. 1991) ("[i]n the absence of proof that the [defendants] designated their

attorney as their agent for the purposes of accepting service of process, we must conclude that the attorney lacked authority to accept service on their behalf").

In any event, even if this Court determined that Kraus was authorized to accept service, Rule 4 of the Federal Rules of Civil Procedure and Section 308 of the N.Y. C.P.L.R. still require personal delivery, as opposed to mail delivery. *See Broman v. Stern*, 172 A.D.2d at 477 ("[e]ven assuming that the [defendant's] attorney had been properly designated as their agent for service of the process, the fact remains that he himself was never properly served[;] [m]ailing a summons and complaint to a person to be served does not constitute valid service under CPLR 308(3)") (citing 1 Weinstein-Korn-Miller, N.Y. Civ. Prac. ¶ 308.13[b], at 3-232.27 – 3-232.28) ("[s]ervice on the agent is . . . made in the same manner as it would be made on his principal, and the rules dealing with personal service by delivery apply")). In this case, the facts suggest that Macon provided the motion papers to Kraus via email and mail delivery, rather than personally.

Having concluded that service of the motion to substitute upon Kraus was not effective service upon the Estate representative, the motion to substitute is denied without prejudice[1] because Macon failed to serve the representative of the Estate in accordance with Rules 4 and 25 of the Federal Rules of Civil Procedure. *Chrichlow v. Fischer*, 2015 WL 678725 at *5 (citing *Atkins v. City of Chi.*, 547 F.3d 869, 874 (7th Cir. 2008) (holding that motion to substitute filed without serving the personal representative of the deceased's estate was "a nullity")). I also deny Macon's request to extend his time to serve the motion to substitute, determining that the proper course is to require Macon to re-file and properly serve the motion. *See id*.

---

[1] Although I have denied the motion without prejudice to renewal, I am not determining at this stage whether any such renewed motion would be considered timely.

## CONCLUSION

For the foregoing reasons, Macon's motion for substitution (**Docket # 59**) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
July 30, 2015